IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>IAN WAGNER,<br><br>    Defendant. | 4:20CR3099<br><br>UNITED STATES' BRIEF SUPPORTING USE OF 404(b) EVIDENCE |

Comes now the United States of America, by and through the undersigned attorneys, and hereby provides this brief supporting the Government's intent to introduce Rule 404(b) evidence in its case against Defendant Ian Wagner. As set forth below, the Government intends to offer evidence of prior acts of public masturbation engaged in by Defendant. That evidence is relevant to showing Defendant's common plan or scheme, intent, and identity in connection with a charged offense.

BACKGROUND

Defendant Ian Wagner is charged with two counts of abusive sexual conduct, in violation of 18 U.S.C. §§ 2244(a)(2), 2244(b) (Counts One and Two), and one count of obscene and indecent exposure and public masturbation, in violation of 49 U.S.C. § 46506(2) (Count Three).

I. The Charged Conduct

The charges in this case are based on the Defendant's alleged conduct while travelling on board Frontier Airlines flight 605, from Indianapolis, Indiana, to Denver, Colorado, on October 6, 2017.

At trial, the Government expects it will prove, among other things, that the Defendant sat in a seat next to Victim 1 during flight 605. During the flight, Victim 1 fell asleep and eventually fully awoke to find the Defendant rubbing her inner thigh with his hand. Victim 1 pulled her leg

away, used her phone to take a picture of the Defendant, and left for the restroom. After spending a few minutes in the restroom, Victim 1 returned to her seat, finding no other vacant seats on the plane.

The Government further expects to prove that, after returning to her seat, Victim 1 noticed Defendant staring at her as he appeared to be moving his hand up and down underneath his jacket, which was draped over his lap. Defendant lifted his jacket and intentionally revealed his exposed penis to Victim 1. Defendant stared at Victim 1 while masturbating for approximately six minutes. Defendant eventually stopped, zipped his pants, and sat with his jacket on his lap, continuing to stare at Victim 1 for much of the remaining flight. Defendant's offense conduct began, continued, and was completed while the aircraft was in flight over the District of Nebraska.

Upon landing in Denver, Victim 1 reported the incident to the Frontier Airlines customer service and, after returning to Indianapolis, reported the incident to local law enforcement. The Defendant was identified through the flight manifest for Frontier Airlines flight 605 as the individual assigned the seat next to Victim 1. Victim 1 later identified Defendant from a photograph.

II.     Defendant's Prior Acts

A review of Defendant's prior contacts with law enforcement revealed several instances in which he engaged in public masturbation and intentionally sought the attention of women nearby during these acts. The Government has obtained evidence of the following conduct:

1. In July 2013, police responded to a gas station in Fort Wayne, Indiana, based upon a report of a man, later identified as the Defendant, taking photos "underneath the skirt" of a customer. The report also indicated that the Defendant was seen masturbating through his clothing while looking at a photograph on his cell phone. When asked by the responding officer if he wanted to deny the accusations, Defendant replied "no." The employee is prepared to testify that while she was working behind the counter at the gas station, her daughter reported to her that a man had taken photographs up the dress of a female customer. The employee decided to keep an eye on the man, who was at that point seated

in his work van at one of the gas pumps. Based upon the movement of his arms, he appeared to be masturbating. Additionally, the employee's daughter is prepared to testify that she was visiting her mother at her place of employment, a gas station, when she saw a man outside sitting in his work van for approximately 10-15 minutes. His hands were moving up and down, such that she believed him to be masturbating. The man then entered the gas station and got into line behind a female customer. The man bent down, as though he was picking something up from the floor, and appeared to snap a photograph under the woman's skirt with his cellular telephone. The employee's daughter informed her mother and watched the man go back outside and get back into his work van. She could see that he had resumed his masturbation, as she could see that his jeans were unzipped, and the tip of his penis was exposed. She told her mother to call the police.

2. In May 2014, the owner of a dance studio in Fort Wayne reported that the mother of one of her students told her that she saw a man, later identified as the Defendant, masturbating in his car outside of the dance studio. The mother recognized Defendant because his three-year-old daughter also took dance classes at the studio. The mother later clarified that she could see Defendant's exposed penis, and that Defendant's daughter was in the car with him at the time. Following this incident, the Defendant was prohibited from bringing his daughter to dance class. The mother is prepared to testify that as she was backing out of her parking space at the dance studio, the man in the car next to hers was sitting in the front seat of his car fondling his exposed penis. As he noticed her looking at him, he looked back at her and thrusted his pelvis upward. She believes his intent was to ensure that she could see his exposed penis. She noticed that the man's daughter was in the seat directly behind his, holding onto the headrest.

3. In August 2016, officers responded to a Target parking lot in Fort Wayne based on reports of a man in a Chevrolet masturbating in the parking lot. The occupant was identified as Defendant. When an officer approached, he saw that Defendant's pants were unzipped and that Defendant was pulling his shirt over his crotch. One of the Target managers stated that she has seen Defendant masturbating in his car several times. Following this incident, Defendant was banned from the premises of Target. An eye-witness is prepared to testify that she saw the man masturbating in the Target parking lot and saw his penis. She looked the man in this face, and he did not appear to be embarrassed or ashamed. He continued masturbating as she looked at him. The witness obtained the man's license plate number and called the police, as she was concerned about kids in the area.

4. In May 2017, officers responded to a Kroger parking lot in Fort Wayne based on reports that a man in a Chevrolet was masturbating in the parking lot. Officers ran the tag number and learned that the car was registered to Defendant. An eye-witness reported that she was waiting in a car parked next to the Chevrolet when she saw Defendant masturbating. When her boyfriend returned to the car, Defendant drove away. The witness is prepared to testify that while she was waiting in her car, she heard what sounded like pornography. She then realized that the man sitting in the car next to hers was saying "vocally aggressive" things, such as "dirty slut" and "come touch my cock." As he was saying these things, she saw his arms moving as though he was masturbating, but she did not see his penis. The witness obtained his license plate number and called the police.

3

Pursuant to Federal Rule of Evidence 404(b)(2), the Government intends to introduce evidence of each of the foregoing acts at trial. As discussed below, these prior acts are relevant to proving Defendant's common plan or scheme, intent, and identity in connection with the lewdness and public masturbation offense charged in Count Three.

## ARGUMENT

Evidence of a prior crime, wrong, or other act is not admissible under Rule 404(b) "solely to prove the defendant's criminal disposition," *i.e.*, to show that the defendant acted in conformity with a prior bad act. *United States v. Shoffner*, 71 F.3d 1429, 1432 (8th Cir. 1995). But the evidence can be admissible to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" in connection with the charged offense. Fed. R. Evid. 404(b)(2); *see, e.g.*, *United States v. Ellis*, 817 F.3d 570, 579-80 (8th Cir. 2016); *United States v. Gipson*, 446 F.3d 828, 831 (8th Cir. 2006); *United States v. Howard*, 235 F.3d 366, 372 (8th Cir. 2000). Another permissible purpose is when the conduct at issue involves a "unique signature of facts" and the other-acts evidence is admitted to show that the same person committed both crimes or to show a "common plan or scheme." *United States v. Oman*, 427 F.3d 1070, 1075 (8th Cir. 2005); *see also Gipson*, 446 F.3d at 831.

To be admissible under Rule 404(b), the proffered other-acts evidence must be (1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) similar in kind and close in time to the charged offense; and (4) higher in probative value than in prejudicial effect. *Gipson*, 446 F.3d at 831 (citing *United States v. Vieth*, 397 F.3d 615, 617-18 (8th Cir. 2005)). Evidence is relevant if it tends to make a fact more or less probable, and the fact is of consequence in determining the action. Fed. R. Evid. 401; *see also United States v. Free*, 976 F.3d 810, 813 (8th Cir. 2020). Notably, the threshold for relevance is "quite minimal." *United States v. Colbert*, 828

F.3d 810, 813 (8th Cir. 2020) (citing *United States v. Holmes*, 413 F.3d 770, 773 (8th Cir. 2005); *United States v. Guerro-Cortez*, 100 F.3d 647, 652 (8th Cir. 1997)).

A district court's ruling under Rule 404(b) will be reversed only "when such evidence clearly had no bearing on the case and was introduced *solely* to prove defendant's propensity to commit criminal acts." *Howard*, 235 F.3d at 372 (quoting *United States v. Brown*, 148 F.3d 1003, 1009 (8th Cir. 1998)) (emphasis added). Evidence that Defendant previously engaged in acts of public masturbation satisfies all of the requirements for admission under Rule 404(b).

I. <u>Defendant's Prior Conduct is Relevant and Similar to a Charged Offense</u>

The evidence of Defendant's prior acts will be offered for permissible non-propensity purposes—to show Defendant's common scheme or plan, intent, and identity in connection with the indecent exposure and public masturbation offense charged in Count Three.

The similarities between the prior acts and the charged offenses show that Defendant was engaged in a common plan or scheme. In each prior incident, as well as in the current case, Defendant was seated in an enclosed space with the ability to view public spaces, exposed his penis, and masturbated. He sometimes interacted with the women nearby by making eye contact, moving his body to further expose his penis, and making sexually explicit comments. During the instant offense, he lifted his jacket to expose his penis to Victim 1, and while doing so, he stared at her for several minutes. Because the evidence of Defendant's prior conduct demonstrates an ongoing common plan or scheme with similar elements and circumstances, it is admissible for a non-propensity purpose under Rule 404(b). *See Gipson*, 446 F.3d at 831 (holding that the defendant's similar past conduct was admissible and materially relevant because the other-acts evidence showed the defendant's knowledge, intent, and demonstrated a common plan or scheme).

Moreover, the other-acts evidence is relevant to Defendant's state of mind. Count Three of the indictment alleges that Defendant "committed an intentional act of obscene and indecent exposure[.]" Defendant's plea of not guilty to this charge places his intent squarely at issue. *See United States v. Hill*, 638 F.3d 589, 592 (8th Cir. 2011) ("The appellant put his knowledge and intent at issue by pleading not guilty and requiring the government to prove his guilt beyond a reasonable doubt."); *Gipson*, 446 F.3d at 831 ("A general denial defense places the defendant's state of mind at issue."); *see also United States v. Walker*, 470 F.3d 1271, 1274 (8th Cir. 2006). That defendant previously engaged in similar conduct shows that his conduct here was intentional and not the result of any accident. That too is a permissible, non-propensity purpose for which the proffered evidence should be admitted under Rule 404(b).

Finally, given the many similarities between Defendant's prior acts of public masturbation and his conduct in this case, the other-acts evidence tends to support Victim 1's subsequent identification of the Defendant. *See Oman*, 427 F.3d at 1075. Even if a defendant's prior acts are not the sole evidence of identity, the other-acts evidence is still admissible as long as it is not unfairly cumulative in violation of Rule 403 (which it is not here). *See Gipson*, 446 F.3d at 831 (rejecting the defendant's argument that the 404(b) evidence in question was unnecessary to prove the government's case and therefore irrelevant).

II.     The Proffered Evidence Will Be Sufficient

As discussed, to be admissible, the other acts must be proven by a preponderance of the evidence. Here, the Government intends to present eyewitness testimony to establish that Defendant committed the prior acts of public masturbation. Each of the witnesses from the four prior acts recalls the details of each particular incident, with several of the witnesses stating that they were shocked and will never forget the incident. All are available to testify. In addition to the civilian eyewitnesses, the responding law enforcement officers are also available to testify as to the subsequent identifications of the Defendant. Accordingly, the Government's proffered evidence will sufficiently prove that Defendant engaged in each of the prior acts.

III.    Defendant's Prior Conduct is Recent and Not Remote

The prior incidents are not far removed in time from the charged conduct. When determining the remoteness of prior acts, courts apply a reasonableness standard to the facts and circumstances of each case. *United States v. Franklin*, 250 F.3d 653, 659 (8th Cir. 2001). In this case, the oldest act occurred only four years and three months before the charged offense, and the most recent act occurred just months before the charged offense. This timeframe is materially distinguishable from that in *Carroll*, where the Eighth Circuit held that the district court abused its discretion in admitting evidence under Rule 404(b) of a bank robbery that occurred ten years before the charged offense. *United States v. Carroll*, 207 F.3d 465, 468-69 (8th Cir. 2002). In any event, courts have found acts even older than ten years admissible under Rule 404(b). *See, e.g., United States v. Halk*, 634 F.3d 482, 487-88 (8th Cir. 2011) (upholding the district court's admission of a crime that took place approximately 19 years before the instant offense); *United States v. Strong*, 415 F.3d 902 (8th Cir. 2005) (upholding district court decision to admit other-acts evidence occurring more than 13 years prior to the charged offense); *United States v. Adams*, 401 F.3d 886,

7

894 (8th Cir. 2005) (upholding admission of 1986 drug conviction where the charged offense was committed in 2001); *United States v. Williams*, 308 F.3d 833, 836–37 (8th Cir. 2002) (upholding district court's admission of a prior robbery offense committed 20 years before the offense on trial). Here, the oldest incident occurred approximately four years prior, and the most recent occurred just months before the charged offense. Accordingly, the prior acts the Government seeks to introduce were not too remote in time.

IV. <u>The Probative Value of the Other-Acts Evidence is Not Substantially Outweighed by the Danger of Unfair Prejudice</u>

As discussed, courts may exclude relevant other-acts evidence if its probative value is substantially outweighed by, among other things, a danger of unfair prejudice. Fed. R. Evid. 403. For purposes of Rule 403, unfair prejudice means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Condon*, 720 F.3d 748, 755 (8th Cir. 2013) (quoting *Fireman's Fund Ins. Co. v. Thien*, 63 F.3d 754, 758 (8th Cir. 1995)). Evidence is unfairly prejudicial not because it tends to prove guilt, but rather "because it tends to encourage the jury to find guilt from improper reasoning." *United States v. Muhlenbruch*, 634 F.3d 987, 1001 (8th Cir. 2011) (quoting *United States v. Farrington*, 499 F.3d 854, 859 (8th Cir. 2007)); *see also Condon*, 720 F.3d at 755. The "trial court is given a great deal of discretion" in determining whether proffered evidence violates Rule 403's balancing test. *Id*. (quoting *United States v. Witschner*, 624 F.2d 840, 846 (8th Cir. 1980)).

In the instant case, any danger of unfair prejudice does not substantially outweigh the significant probative value of the evidence that Defendant previously engaged in public masturbation. As in *Gipson*, the probative value of the other-acts evidence is substantial because the other acts are similar to a charged offense. *See Gipson*, 446 F.3d at 831. As previously stated, all the prior incidents involve Defendant seated in an enclosed space with the ability to view public

8

spaces, the exposure of his penis, his act of masturbation, and, at times, his interactions with women nearby. Even though, as in *Gipson*, the evidence of Defendant's prior acts is undoubtedly prejudicial—in that it is unfavorable to the defense—the evidence is not unfairly prejudicial within the meaning of Rule 403. *Id.* The Government's proffered evidence does not seek to persuade the jury on an unfair, irrelevant, or emotional basis.

To the extent the Court deems it necessary to protect against the risk of any unfair prejudice, it can instruct the jury on the permissible bases for considering the other-acts evidence. The Eighth Circuit has repeatedly found that such limiting instructions provide sufficient protection to a defendant, while allowing the Government, which carries the high burden of proof beyond a reasonable doubt, to use this probative evidence in its case-in-chief. *See, e.g.*, *United States v. Yielding*, 657 F.3d 688, 701 (8th Cir. 2011) (noting that any prejudice was remedied by the use of a limiting instruction); *United States v. Golding*, 833 F.3d 914, 918 (8th Cir. 2016) ("A jury is presumed to follow its instructions … and therefore the use of a limiting instruction decreases the danger that unfair prejudice will result from admission of evidence."); *Hill*, 638 F.3d at 592 ("Moreover, the court's limiting instruction … minimized any prejudicial effect[.]").

## CONCLUSION

In short, the other-acts evidence is admissible pursuant to Rule 404(b) because (1) the evidence is materially relevant to a charged offense and not offered for an impermissible propensity purpose; (2) the other acts will be proved by a preponderance of the evidence; (3) the other acts are similar in kind and close in time to the charged offense; and (4) the evidence is higher in probative value than potential prejudicial effect. The Government, therefore, respectfully requests that the proffered evidence be admitted at trial.

Respectfully submitted this 5th day of January 2021,

| | |
|---|---|
| BRIAN C. RABBITT<br>Acting Assistant Attorney General | JOSEPH P. KELLY<br>United States Attorney |

By:  s/Jamie Perry                                         By:  s/ Tessie Smith                             
     Jamie B. Perry                                       Tessie L. Smith
     MD Bar No: 1012160031                       NE Bar No. 25828
     Trial Attorney                                        Assistant United States Attorney
     U.S. Dept. of Justice, Criminal Division     U.S. Attorney's Office - Lincoln
     Human Rights and Special Prosecutions   100 Centennial Mall North
     1301 New York Avenue, Northwest       Suite 487, Federal Building
     Washington, D.C. 20530                       Lincoln, NE 68508
     (202) 307-3262                                    (402) 437-5399
     Jamie.Perry@usdoj.gov                       Tessie.Smith@usdoj.gov