## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Case No. 4:20CR03099** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **BRIEF IN SUPPORT OF** |
| | ) | **MOTION TO COMPEL** |
| | ) | **IDENTITY OF VICTIM AND** |
| **IAN WAGNER,** | ) | **EX–BOYFRIEND** |
| | ) | |
| **Defendant.** | ) | |

COMES NOW, Defendant, Ian Wagner, by and through his attorney, Justin Kalemkiarian, and moves this Court for an Order requiring the Government to disclose the identities of the alleged victim and the alleged victim's ex–boyfriend to Defendant. In support of Defendant's motion, Defendant submits the following:

### STATEMENT OF FACTS

On November 2, 2020, Defense Counsel requested the identities of the alleged victim and the alleged victim's ex–boyfriend, a witness to the alleged offense, from the Government. The following day, the Government denied the request for the sought-after identities.

### ARGUMENT

The Government is required to disclose the identities of the alleged victim and the alleged victim's ex–boyfriend as their identities are fundamental in preparing Wagner's defense. In Roviaro v. United States, the Supreme Court recognized the government's authority to withhold the identity of a confidential informant. 353 U.S. 53 (1957). Specifically, the Court held the identity of a confidential informant must be disclosed when the identity "is relevant and helpful to the defense of an accused" or "is essential to a fair determination of a cause." 353 U.S. 53, 60–61, 77 S. Ct. 623, 628 (1957). Courts must consider the "particular circumstances of each case, taking

into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Id. at 62, 77 S. Ct. at 628.

As noted, disclosure of a confidential informant is mandated when disclosure is vital to a fair trial. United States v. Bourbon, 819 F.2d 856, 860 (8th Cir. 1987). The Eighth Circuit asserted that a confidential witness' identity "will almost always be material to the accused's defense" when the individual is an active participant or a witness to the alleged offense. Devose v. Morris, 53 F.3d 201, 206 (8th Cir. 1995). If, however, the informant acts as a mere "tipster" or a person who simply conveys information to the government but does not witness or participate in the offense, the government is not required to disclose the identity of the witness. Bourbon, 819 F.2d at 860.

In Devose, the government charged the defendant with delivery of a controlled substance after a confidential informant purchased drugs from the defendant with an undercover police officer. 53 F.3d at 205. The trial court denied the defendant's motion to disclose the identity of the confidential informant. Id. The Eighth Circuit reversed, holding the confidential informant's identity was material to the accused's defense. Id. at 206. Because the informant was an eyewitness to the alleged offense and the informant's testimony changed regarding the defendant's identity, the informant's identity was necessary for the defendant to fashion a defense and receive a fair trial. Id. at 207; see also United States v. Roberts, 388 F.2d 646, 650 (2d Cir. 1968) (government compelled to disclose informant's location when the informant was a witness to the alleged drug sale); Gilmore v. United States, 256 F.2d 565, 567 (5th Cir. 1958) (testimony of informant who "active[ly] participa[ted] in setting the stage" for a drug sale was material and relevant to the accused's defense).

The Government should be required to disclose the identities of the alleged victim and her ex–boyfriend because their identities are necessary to devising Wagner's defense. The witnesses

are material witnesses—not mere tipsters providing information. The alleged victim was physically present during the alleged offense and experienced the allegations first-hand. Her ex–boyfriend was a witness because the alleged victim informed the ex–boyfriend of the alleged sexual contact as soon as the alleged victim could contact him.

Furthermore, without knowing the identities of the alleged victim and her ex–boyfriend, Wagner would not receive a fair trial. It is vital for Wagner to have the opportunity to investigate the alleged victim and her ex–boyfriend as it may lead to the discovery of evidence to support Wagner's defense. Since there are no other witnesses to substantiate the allegations against Wagner, Wagner must have the opportunity to interview the witnesses to prepare an thorough defense.

## CONCLUSION

The Government is required to disclose the identities of the alleged victim and the alleged victim's ex–boyfriend because the identities are critical to presenting a defense as they are relevant and material witnesses and are essential to a fair determination of the allegations.

WHEREFORE, Defendant prays for an Order of this Court permitting the disclosure of the alleged victim and the alleged victim's ex–boyfriend.

DATED: May 21, 2021.

Respectfully submitted,
Ian Wagner, Defendant

/s/ Justin Kalemkiarian
Justin Kalemkiarian, #25415
BERRY LAW FIRM
6940 O Street, Suite 400
Lincoln, NE 68510
justin@jsberrylaw.com
(402) 466-8444