IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:20CR03099 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | BRIEF IN OPPOSITION OF |
| | ) | MOTION TO USE 404(b) |
| | ) | EVIDENCE |
| IAN WAGNER, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW, Defendant, Ian Wagner, by and through his attorney, Justin Kalemkiarian, and hereby submits the following Brief in Opposition to the Government's Notice of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 404(b)(2) (Filing No. 20 and 21).

## Statement of Facts

The Government has alleged that on a Frontier Airlines flight from Indianapolis, Indiana, to Denver, Colorado on October 6, 2017, Wagner rubbed Victim #1's inner thigh with his hand, that Wagner masturbated in front of her, and that he had exposed his penis. The Government seeks to introduce evidence of alleged prior acts of Wagner masturbating in public pursuant to Federal Rule of Evidence 404(b)(2).

## Argument

The Federal Rule of Evidence 404(b)(1) prohibits the use of other crimes, wrongs, or acts of a defendant to prove that on a particular occasion the defendant acted in accordance with that behavior. That same evidence, however, may be admissible for other purposes, such as proving intent, plan, or identity. Fed. R. Evid. 404(b)(2). A court cannot admit prior acts evidence for another purpose, unless the court is satisfied that the evidence is (1) probative of a material issues other than character; (2) similar in kind and reasonably close in time to the crime charged; (3)

1

sufficient for a jury to find by the preponderance of the evidence that the prior acts occurred; and (4) not outweighed by the danger of unfair prejudice. United States v. Brumfield, 686 F.3d 960, 963 (8th Cir. 2012).

First, the prior acts evidence is too dissimilar and remote in time from the charged conduct. Courts must consider the similarity and the "temporal and geographic proximity" of the prior acts evidence and the underlying offense. United States v. Stenger, 605 F.3d 492, 499 (8th Cir. 2010). There is no absolute rule regarding when prior acts evidence is too remote in time to be admissible against the defendant. Instead, courts apply a reasonableness standard based on the surrounding facts and circumstances of the case. United States v. Yielding, 657 F.3d 688, 702 (8th Cir. 2011).

In the instant case, the prior acts evidence allegedly occurred while Wagner was in his private vehicle in parking lots—distinct from the alleged charges occurring in a full, public airplane. The prior acts evidence occurred in Fort Wayne, Indiana, whereas the charged allegations occurred in an airplane. Additionally, the alleged conduct occurred on an airplane, a completely distinct location from where the prior acts allegedly occurred in Indiana. Additionally, the oldest conduct occurred more than four years prior to the alleged conduct—a significant time.

Furthermore, the probative value of the prior acts evidence is substantially outweighed by the danger of unfair prejudice to Wagner. Evidence is unfairly prejudicial when it has the "undue tendency to suggest [a] decision on an improper basis, including evidence which is so inflammatory on its face as to divert the jury's attention from the material issues in the trial." United States v. Wright, 993 F.3d 1054, 1061 (8th Cir. 2021). Moreover, evidence is unfairly prejudicial when it encourages the jury to find guilt from improper reasoning. United States v. Muhlenbruch, 634 F.3d 987, 1001 (8th Cir. 2011).

If admitted, the prior acts evidence would divert the jury's attention from the material issue of the trial—whether Wagner committed the alleged conduct. The jury would be more likely to find guilt because Wagner has allegedly masturbated in public in the past, which is improper character evidence. Although there are police reports of the prior acts, Wagner has not been tried or convicted for any of the alleged prior acts. Consequently, the Government does not have verification that Wagner participated in that conduct.

## **Conclusion**

WHEREFORE, Defendant respectfully requests for an Order of this Court prohibiting the Government from referencing, introducing evidence of, or eliciting testimony related to any all allegation or evidence of other crimes, wrongs, or acts.

DATED: May 21, 2021.

    Respectfully submitted,
    Ian Wagner, Defendant

    /s/ Justin Kalemkiarian
    Justin Kalemkiarian, #25415
    BERRY LAW FIRM
    6940 O Street, Suite 400
    Lincoln, NE 68510
    justin@jsberrylaw.com
    (402) 466-8444