IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 4:20CR3099 |
|---|---|
| Plaintiff, | |
| vs. | UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL IDENTITY OF VICTIM AND EX-BOYFRIEND |
| IAN WAGNER, | |
| Defendant. | |

Comes now the United States of America, by and through the undersigned attorneys, and hereby files this Response to Defendant's Motion to Compel Identity of Victim and Ex-Boyfriend. As set forth below, the Government does not have a duty to disclose the identity of the victim or the outcry witness in this case, nor is the defendant entitled to any such information without a showing of why it is vital to his defense. Accordingly, the government respectfully requests that the Court deny the defendant's motion.

FACTUAL BACKGROUND

Defendant Ian Wagner is charged with two counts of abusive sexual conduct, in violation of 18 U.S.C. §§ 2244(a)(2), 2244(b) (Counts One and Two), and one count of obscene and indecent exposure and public masturbation, in violation of 49 U.S.C. § 46506(2) (Count Three).

At trial, the Government expects it will prove that the defendant sat next to Victim 1 during Frontier Airlines flight 605, from Indianapolis, Indiana to Denver, Colorado on October 6, 2017. During the flight, Victim 1 fell asleep and eventually fully awoke to find the defendant rubbing her inner thigh with his hand. Victim 1 pulled her leg away and left her seat for the restroom. Victim 1 eventually returned to her seat, finding no other vacant seats on the plane.

1

After returning to her seat, Victim 1 noticed the defendant staring at her while moving his hand up and down underneath his jacket, which was draped over his lap. The defendant then lifted his jacket and intentionally revealed his exposed penis to Victim 1. The defendant stared at Victim 1 while masturbating for approximately six minutes. He eventually stopped, zipped his pants, and sat with his jacket on his lap, continuing to stare at Victim 1 for much of the remaining flight. At some point during the continuing offense, Victim 1 used her phone to take a photograph of the defendant.

During the incident, Victim 1 sent several text messages to her boyfriend at the time (herein referred to as the "outcry witness"). She also called him immediately upon landing in Denver, expressing her fear that the defendant would follow her off the plane. Victim 1 subsequently reported the incident to the Frontier Airlines customer service and, after returning to Indianapolis, reported the incident to local law enforcement. The defendant was identified on the flight manifest for Frontier Airlines flight 605 as the individual assigned the seat next to Victim 1, and Victim 1 later identified the defendant from a photograph.

## ARGUMENT

On May 21, 2021, counsel for the defendant filed a motion to compel the identity of the victim and the outcry witness, stating that the disclosure of their identities may lead to the discovery of evidence to support Wagner's defense. The government is not required to disclose this information, and the defendant has failed to show why such information is material to the preparation of his defense. Furthermore, the defendant's motion fails to recognize that the government has already exceeded its discovery obligations by providing the defendant with all of the reports of investigation ("ROIs") in this case, with the identifying information redacted,

providing a roadmap to what the victim and outcry witness will testify to at trial. Thus, the defendant's motion must be denied.

### A. The government is under no obligation to disclose the names of the victim or the outcry witness, nor is the defendant entitled to such information.

The defendant contends that certain information—specifically, the names of the victim and the outcry witness, who were interviewed by the government during the course of its investigation—is material to the preparation of his defense, and therefore the government is required to produce, in unredacted form, that information. But this argument overlooks the crucial fact that, irrespective of whether the defendant makes a conclusory statement that such information is important to the preparation of his defense, the government is not required to provide it.

Except as permitted by certain of its subparts that are irrelevant to the instant motion, Rule 16 of the Federal Rules of Criminal Procedure

> does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by . . . [a] government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. §3500.

Fed. R. Crim. P. 16(a)(2). Under Rule 16, the government is under no obligation to provide the victim's identity or unredacted ROIs, unless prompt disclosure is mandated by *Brady v. Maryland*, 373 U.S. 83 (1963) or *Giglio v. United States*, 405 U.S. 150 (1972). S*ee United States v. Bagley*, 473 U.S. 667, 675, n.7 (1985) (holding that the discovery rules established by *Brady* do not create a broad constitutional requirement of discovery).[1]

---

[1] The defendant's motion cites to a line of cases regarding the disclosure of a confidential informant's identity. *See, e.g., Roviaro v. United States*, 353 U.S. 53, 59 (1957). However, these cases do not address the disclosure of identifying information pertaining to other government witnesses and/or victims. As such, the government looks to the rules governing discovery, specifically Rule 16, as well as precedent regarding due process and a defendant's

3

Furthermore, the Rule 16 requirement that the prosecution provide all exculpatory evidence to the accused does not create an entitlement for the defendant to receive, before trial, the names of witnesses who will testify against the defendant. "It does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) (rejecting the argument that the Constitution requires the prosecution to reveal the names of witnesses and finding that withholding the identity of a government informer up until the time at which he testified did not implicate *Brady* or violate Due Process). In fact, in 1975 Congress specifically rejected a proposed revision of Rule 16 that would require the pretrial disclosure of prosecution and defense witnesses. *See* H.R. Conf. Rep. No. 94-414, at 12 (1975), reprinted in 1975 U.S.C.C.A.N. 713, 716. In making this rejection, Congress cited its "paramount concerns" that the proposed amendment would discourage witnesses and lead to improper attempts to influence witness testimony. *Id.* In short, "[a] federal criminal defendant generally has no right to know about government witnesses prior to trial. . . . To comply with due process, the government need only disclose all material or potentially exculpatory evidence before the trial ends." *United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) (internal citations and quotation marks omitted).

---

right to a fair trial. *United States v. Wallace*, No. 4:16CR219 JAR (SPM), 2016 WL 7396044 (E.D. Mo. Nov. 18, 2016*), report and recommendation adopted*, No. 4:16CR00219 JAR, 2016 WL 7385793 (E.D. Mo. Dec. 21, 2016) (stating that *Roviaro* did not answer whether the defendant is entitled to pretrial disclosure of the identity of government witnesses, finding that Rule 16 was the proper authority for such analysis, and concluding that the government may withhold the identity of a testifying witness, including the identity of the victim of the alleged crime). Nevertheless, even under the confidential informant standard set forth by *Roviaro* and its progeny, it is well settled that the defendant still must make a showing that the identity information is "vital" to his defense. *See United States v. Bourbon,* 819 F.2d 856, 860 (8th Cir. 1987) ("Disclosure of a confidential informant will not be ordered unless it is vital to a fair trial."); *United States v. Disbrow,* 768 F.2d 976, 981 (8th Cir. 1987), *cert denied*, 474 U.S. 1023 (1985). As discussed in Part B, the defendant has made no such showing.

Even though the defendant is not entitled to the pretrial disclosure of reports written by the agent in connection with the investigation, the government voluntarily disclosed all of the ROIs in this case shortly after the defendant's arrest. The government's voluntary disclosure, akin to an early Jencks production, does not subject it to a new set of rules with respect to the redacted information, here the identity of witnesses, contained in those reports. *See, e.g., United States v. Mitrovic*, 286 F.R.D. 683, 685-86 (N.D. Ga. 2012) ("voluntary production of portions of those materials does not make the remainder discoverable…if the defendant was not entitled to production of the ROIs in the first place, he is similarly not entitled to unredacted copies of the ROIs"). The defendant has no right to the names of either the victim or outcry witness and his motion should be denied.

**B. The names of the victim and outcry witness are not material to the preparation of a defense.**

The defendant's motion to compel argues that identities of the victim and outcry witness are necessary to the preparation of his defense, but he does not specify how or why. The defendant must show that the disclosure would be "relevant and helpful to the defense or essential to a fair trial." *United States v. Chevre,* 146 F.3d 622, 623-34 (8th Cir. 1998) (addressing specifically the informant privilege). Ultimately, "one of the most relevant factors to be weighed by the court [in determining whether to order disclosure] is whether or not the evidence is *material* to the accused's defense or a fair determination of the cause." *United States v. Harrington,* 951 F.2d 876, 877 (8th Cir. 1991) (quoting from *United States v. Barnes,* 486 F.2d 776, 778 (8th Cir.1973) (emphasis in original)). A trial court may abuse its discretion if it orders disclosure absent a showing of materiality under Rule 16. *United States v. Grisham,* 748 F.2d 460, 463 (8th Cir. 1984). Such materiality is a high bar. The defendant "must, at the very least, make some evidentiary showing demonstrating why the [undisclosed information] is

5

significant to determining [his] guilt or innocence." *Chevre,* 146 F.3d at 624 (quoting *United States v. Prescott,* 125 F.3d 845, 1997 WL 584304, at *2 (2d Cir. 1997)); *see also United States v. Jordan*, 316 F.3d 1215, 1250–51 (11th Cir. 2003) (citing *United States v. Ross*, 511 F.2d. 757, 762–63 (5th Cir. 1975) (requiring the defendant to show that the requested information would enable him to significantly "alter the quantum of proof in his favor," not just that the information bears some logical relationship to the case). And mere speculation of materiality is not enough. *See, e.g., United States v. Fairchild,* 122 F.3d 605, 609 (8th Cir. 1998); *Jordan,* 316 F.3d at 1250 (holding that a conclusory statement that the requested information is helpful or material does not suffice).

Here, the defendant has failed to provide any argument as to how the identity of the victim or outcry witness is significant to the determination of his guilt or how such information would enable him to significantly alter the quantum of proof in his favor. He has merely established that the victim and outcry witness are logically related to the case. Contrary to the defendant's claim that he is unable to prepare a defense without the requested information, the discovery materials already produced enable the defendant to do just that, as they provide a roadmap to the relevant date, place, and nature of the alleged conduct at issue and include details as to what the victim has said about the defendant and will testify to at trial.

Finally, the defendant's assertion that the information he seeks is "vital" to facilitate the investigation *of* the victim reveals the defendant's true purpose here: a fishing expedition, in search of information to discredit her. The defendant is entitled to no such thing, as the Supreme Court has found that the Constitution does not require the disclosure of the names of witnesses so the defendant can engage in a pretrial impeachment investigation, such as running a background

check on the victim for purposes of cross-examination. *See Weatherford*, 429 U.S. at 559-60.[2]

Furthermore, the victim in this case has the right to be reasonably protected from the accused as well as the right "to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771. Disclosure of the victim's name in order to facilitate the defendant's speculative investigation flies in the face of her enumerated rights as the victim of this offense.

## CONCLUSION

For the reasons stated above, the Government requests that this Court deny the defendant's motion to compel the identities of the victim and the outcry witness.

Respectfully submitted this 4th day of June 2021,

| | |
|---|---|
| NICHOLAS L. MCQUAID<br>Acting Assistant Attorney General | JAN W. SHARP<br>Acting United States Attorney |
| By:    s/Jamie Perry | By:    s/Tessie Smith |
| Jamie B. Perry<br>MD Bar No: 1012160031<br>Trial Attorney<br>U.S. Dept. of Justice, Criminal Division<br>Human Rights and Special Prosecutions<br>1301 New York Avenue, Northwest<br>Washington, D.C. 20530<br>(202) 307-3262<br>Jamie.Perry@usdoj.gov | Tessie L. Smith<br>NE Bar No. 25828<br>Assistant United States Attorney<br>U.S. Attorney's Office - Lincoln<br>100 Centennial Mall North<br>Suite 487, Federal Building<br>Lincoln, NE 68508<br>(402) 437-5399<br>Tessie.Smith@usdoj.gov |

---

[2] The government will, of course, abide by its obligations to promptly disclose any exculpatory and/or impeachment information in its possession, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972).