IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:20CR3099 |
| vs. | |
| IAN WAGNER, | ORDER |
| Defendant. | |

Defendant has moved for disclosure of the name of the victim of Defendant's alleged crime and the name of the victim's ex-boyfriend. (Filing No. 27). Defendant argues the identity of these government witnesses is "fundamental in preparing Wagner's defense." (Filing No. 28, at CM/ECF p. 1). He argues:

> [The victim and her ex-boyfriend] are material witnesses. . . . The alleged victim was physically present during the alleged offense and experienced the allegations first-hand. Her ex–boyfriend was a witness because the alleged victim informed the ex–boyfriend of the alleged sexual contact as soon as the alleged victim could contact him.
>
> . . .
>
> Furthermore, without knowing the identities of the alleged victim and her ex–boyfriend, Wagner would not receive a fair trial. It is vital for Wagner to have the opportunity to investigate the alleged victim and her ex–boyfriend as it may lead to the discovery of evidence to support Wagner's defense. Since there are no other witnesses to substantiate the allegations against Wagner, Wagner must have the opportunity to interview the witnesses to prepare a thorough defense.

(Filing No. 28, at CM/ECF pp. 2-3).

The government objects to identifying the victim and ex-boyfriend. The government explains that it has already provided copies of the reports of investigation (ROI)—effectively providing an early Jencks Act disclosure. It argues that nothing in Rule 16 requires the government to disclose the names of government witnesses. It further argues that disclosure of the identities of the victim and ex-boyfriend is not required under Brady v. Maryland, 373 U.S. 83 (1963) because the victim and her ex-boyfriend can provide no evidence favorable to the defendant.

Although a district court may order the government to disclose its witness list for trial, criminal defendants have no right in noncapital cases to require disclosure of the list of government witnesses under Fed.R.Crim.P. 16(a), (United States v. Polk, 715 F.3d 238, 249 (8th Cir. 2013); (U.S. v. White, 750 F.2d 726, 728 (8th Cir.1984)), and there is "no general constitutional right to discovery in a criminal case." Weatherford v. Bursey, 429 U.S. 545, 559 (1977). To comply with due process, the government need only "disclose all material or potentially exculpatory evidence before the trial ends." Polk, 715 F.3d at 249. Brady requires the government to disclose evidence favorable to the defendant upon request, but "[i]t does not follow from the prohibition against concealing evidence favorable to the accused that the prosecution must reveal before trial the names of all witnesses who will testify unfavorably." Weatherford, 429 U.S. at 559.

To prevail on a motion to compel government disclosures in a criminal case, the defendant must make a preliminary showing demonstrating that the government is withholding exculpatory information, information material to the defense, and/or information it is obligated to disclose under Rule 16. U.S. v. Roach, 28 F.3d 729, 734 (8th Cir. 1994); U.S. v. Krauth, 769 F.2d 473, 476 (8th Cir. 1985). Here, Defendant claims the identities of the victim and ex-boyfriend are necessary for trial preparation, explaining pretrial interviews of these

2

witnesses may lead to the discovery of evidence supporting his defense. These conclusory allegations are insufficient to justify entering an order which compels government disclosures beyond those required under Rule 16 and Brady.

Disclosure of the names of the victim and her ex-boyfriend is not required under either the constitution or the Federal Rules of Criminal Procedure.

Accordingly,

IT IS ORDERED that Defendant's motion to compel disclosure of the names of the government's witnesses, including the victim and her ex-boyfriend, (Filing No. 27), is denied.

Dated this 15th day of June, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

3