IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:20-CR-3099 |
| vs. | |
| IAN WAGNER, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Ian Wagner's motion in limine (filing 26) to exclude evidence the government intends to introduce under Fed. R. Evid. 404(b)(2) (filing 20). For the reasons below, Wagner's motion will be denied.

## BACKGROUND

Wagner has been charged with two counts of abusive sexual contact in violation of 18 U.S.C. § 2244 and one count of indecent exposure and public masturbation on an aircraft in violation of 49 U.S.C. § 46506 in connection with events that allegedly occurred on an October 6, 2017 Frontier Airlines flight from Indianapolis to Denver. Filing 1; filing 20 at 1.

According to the government, Wagner was seated on the flight next to a woman he did not know. *See* filing 21. And that woman, the alleged victim in this case, is expected to testify as follows. While on the flight, the woman fell asleep and later woke up to Wagner rubbing his hand on her inner thigh. Filing 21 at 1. She then pulled her leg away, took a picture of Wagner, and got up to use the aircraft's restroom and look for a vacant seat. Filing 21 at 1-2.

After using the restroom and locating no empty seats, the woman returned to find Wagner with a jacket over his lap, moving his hand up and

down beneath the jacket, and staring at her. Wagner then lifted the jacket to expose his penis to the woman, and continued to stare at her while masturbating for approximately six minutes. Eventually, Wagner stopped masturbating, zipped his pants, and sat with his jacket on his lap, staring at the victim for much of the remaining flight time. Filing 21 at 2.

When the aircraft landed in Denver, the woman reported the incident to Frontier Airlines, and after returning to Indianapolis she also reported it to local law enforcement. During the investigation, police determined Wagner was the person assigned by the airline to the seat next to the woman, and she later identified Wagner from a photograph. Filing 21 at 2.

The government has filed a notice to introduce evidence under Rule 404(b)(2) of Wagner's history of engaging in public masturbation and intentionally seeking the attention of nearby women while doing so. *See* filing 21. The government has obtained reports from the Fort Wayne, Indiana police department of four separate instances where Wagner was seen masturbating in his vehicle in a public parking lot. Filing 20 at 2; filing 21 at 2-3.

In July of 2013, police responded to a gas station because a man, later identified as Wagner, was seen masturbating in his work van parked at a gas pump. Filing 21 at 2-3. A witness will testify she saw Wagner sitting in the van with his hands moving up and down in a way to make her believe he was masturbating. *Id.* at 3. The witness then watched Wagner enter the gas station and take a photograph underneath the skirt of a woman in front of him in line. *Id.* Wagner then returned to his van and resumed masturbating and the witness could see that Wagner's pants were unzipped and the tip of his penis was exposed. *Id.* When the police arrived and asked Wagner if he wanted to deny the accusations, he said no. Filing 21 at 2.

In May of 2014, Wagner was seen fondling his exposed penis while parked at a dance studio where his daughter and a witness's daughter both took classes. The witness recognized Wagner and his three-year-old daughter, who was in the back seat. When Wagner saw the witness looking at him, he allegedly looked at her and thrusted his pelvis upward—she believed this was to make sure she saw what he was doing. Filing 21 at 3.

In August of 2016, police in Fort Wayne were called to a Target parking lot where a woman allegedly saw Wagner masturbating in his car. The woman said that when Wagner noticed she saw him, he did not appear embarrassed. When a police officer arrived and approached the car, he saw Wagner's pants were unzipped and that he was pulling his shirt over his crotch. Filing 21 at 3.

Finally, in May of 2017, the police responded to a grocery store parking lot where a witness saw a man masturbating in his car. When the police ran the license plate number, the car was identified as being registered to Wagner. The witness was in the car parked next to Wagner and heard what sounded like pornography. She looked over and realized Wagner was saying things like "dirty slut" and "come touch my cock" while moving his arms as if masturbating. The witness did not see Wagner's penis. Filing 21 at 3.

## DISCUSSION

Wagner moves to exclude all of the proposed 404(b)(2) evidence. *See* filing 26. He argues the evidence is too dissimilar and remote in time from the charged conduct to be admissible. Filing 29 at 2. And he argues it should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice. Filing 29 at 2-3. The government argues the evidence of these prior bad acts is relevant to prove Wagner's common plan or scheme, intent, and identity "in connection with the lewdness and public masturbation offense." Filing 21 at 4.

Evidence of prior bad acts is not admissible to prove a defendant's propensity for criminal behavior. Rule 404(b). Prior acts evidence may be admissible, however, for a purpose other than propensity such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *Id*.; *United States v. Gant*, 721 F.3d 505, 509 (8th Cir. 2013). Rule 404(b) is a rule of inclusion, prohibiting only evidence that tends solely to prove the defendant's criminal disposition. *United States v. Shoffner*, 71 F.3d 1429, 1432 (8th Cir. 1995). To be admissible under Rule 404(b), evidence must be (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect. *Gant*, 721 F.3d at 509; *Shoffner*, 71 F.3d at 1432. A general denial defense places the defendant's state of mind at issue. *United States v. Gipson*, 446 F.3d 828, 831 (8th Cir. 2006).

According to Wagner, the prior acts are too dissimilar because masturbating "in his private vehicle in parking lots" in Indiana is materially different than masturbating on "a full, public airplane" over Nebraska. Filing 29 at 2. The government argues the prior acts are similar because Wagner was in a public place with the ability to view strangers, exposed his penis, masturbated, and sometimes interacted with nearby women. Filing 21 at 5. The Court agrees.

For present purposes, there is no meaningful difference between masturbating in a Target (or grocery store, or dance studio, or gas station) parking lot in Indiana where the public is apt to see, and masturbating underneath a jacket on a plane where members of the public may also see. And the Court agrees with the government that Wagner's interaction with the women who reported him in the prior instances is similar to the charged

offense where Wagner allegedly exposed his penis to the victim and continued to stare at her while masturbating.

Wagner also argues the prior acts evidence is too old because the oldest incident occurred in July 2013, over four years before the charged conduct. Filing 29 at 2. There is no fixed period of time within which the prior acts must have occurred to be admissible under Rule 404(b). *United States v. Ellis*, 817 F.3d 570, 580 (8th Cir. 2016). Rather, a court should apply a reasonableness standard based on the facts and circumstances of each case. *United States v. Yielding*, 657 F.3d 688, 702 (8th Cir. 2011); *Ellis*, 817 F.3d at 580. The Eighth Circuit has affirmed introduction of 404(b) evidence well over a decade old when the prior acts were similar and could show a common plan or scheme, knowledge, intent and identity. *Yielding*, 657 F.3d 698-701; *United States v. Edelmann*, 458 F.3d 791, 810 (8th Cir. 2006).

Here, Wagner's prior acts of public masturbation are sufficiently similar and demonstrate a common plan or scheme—namely, to target and harass women by masturbating and exposing his genitals in public places. And the prior acts are also highly probative of Wagner's knowledge and intent. So, a lapse of four years is not long enough to make the prior acts too remote under Rule 404(b). *See Yielding*, 657 F.3d at 702.

Finally, while this evidence may be prejudicial to Wagner, its prejudicial effect does not outweigh its probative value. As explained above, if Wagner intends to dispute his identity, intent, plan, or knowledge, the evidence of prior acts is highly probative and would outweigh any prejudicial effect. And while damaging evidence is always prejudicial; the question is whether it is *unfairly* prejudicial. Fed. R. Evid. 403; *United States v. Tyerman*, 701 F.3d 552, 563 (8th Cir. 2012). The government does not propose to use this evidence "solely to prove the defendant's propensity to commit criminal acts," and appeal to the

jury's emotions. *See Yielding*, 657 F.3d at 701-02. So, the Court sees no reason why this evidence would be unfairly prejudicial given its clear relevance to the disputed issues. And an appropriate limiting instruction will be given by the Court to the jury.

Wagner also argues that he has not been tried or convicted for the prior acts and therefore the evidence is unfairly prejudicial. But nothing in the text of Rule 404(b) or the relevant caselaw requires Wagner to have been charged and convicted. *See, e.g.*, *id.*; *Tyerman*, 701 F.3d at 563. Indeed, the allegations of prior acts need only be supported by a preponderance of the evidence. *Gipson*, 446 F.3d at 831. And here, the government says it has witnesses to each prior act prepared to testify to what they saw and Wagner's identity. *See* filing 21 at 2-3. That would certainly be enough to make it more likely than not that Wagner was involved in the prior acts, especially where Wagner does not deny as much. *See* filing 29. Accordingly,

> IT IS ORDERED that Wagner's motion in limine (filing 26) is denied.

Dated this 28th day of June, 2021.

BY THE COURT:

_/s/ John M. Gerrard_
John M. Gerrard
Chief United States District Judge